ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JUAN A. VELÁZQUEZ NADAL<br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>RECURRIDO | KLRA202300611 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. Querella 215-23-88 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Comparece ante esta Curia por derecho propio Juan A. Velázquez Nadal (Sr. Velázquez Nadal o recurrente). Solicita que revisemos la *Resolución*[1] que emitió y notificó el Departamento de Corrección y Rehabilitación (DCR) el 3 y 10 de octubre de 2023, respectivamente. En ella, el DCR halló al Sr. Velázquez Nadal incurso de infringir el Código 126 de la Regla 15 del Reglamento Núm. 9221, *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional,* por lo cual lo suspendió de los privilegios de comisaría, recreación activa, visita y actividades especiales durante cuarenta días calendario.

Adelantamos que, luego de examinar el recurso, resolvemos ordenar su desestimación por carecer de jurisdicción para entender sobre el asunto. Veamos.

**I.**

El Sr. Velázquez Nadal se encuentra recluido en la Institución Correccional Bayamón 501. El 21 de agosto de 2023, el recurrente

---

[1] Anejos D, E y F.

Número Identificador

SEN2023_____

fue objeto de una querella disciplinaria[2] en la cual se le imputó haber violentado el Código 126 de la Regla 15 (amenaza) y el Código 232 de la Regla 16 (violar cualquiera de las reglas internas de convivencia y funcionamiento institucional establecidas por el Departamento de Corrección y Rehabilitación que no estén específicamente tipificadas en cualquier nivel de severidad de este Reglamento) del Reglamento Núm. 9221, *supra.* Lo antes, por presuntamente haberse dirigido de manera hostil y repugnante hacia el Oficial Luis D. Rodríguez Cosme, en presencia de los oficiales correccionales Díaz (placa núm. 15245) y Rosado (placa núm. 15198).

Celebrada la vista administrativa, el DCR dictaminó "[...] a base de la declaración del querellante, del querellado y la totalidad del expediente administrativo, concluimos que existe evidencia preponderante para sostener que el querellado cometió el acto prohibido imputado por amenaza."[3]

Se colige del expediente que, el 19 de octubre de 2023, el DCR notificó al Sr. Velázquez Nadal su determinación de rechazar de plano[4] su petitorio de reconsideración.[5] Inconforme aún, el recurrente insta ante esta Curia el recurso de epígrafe intitulado "Apelación".[6] Junto a su recurso, el Sr. Velázquez Nadal presenta

---

[2] Anejo A.

[3] Anejo E. Cabe señalar que, el DCR resolvió que no existe causa por el Código 232 debido a que el Código 126 específicamente tipifica el acto imputado.

[4] Anejo G.

[5] Hacemos constar que no obra en el expediente ante esta Curia una copia de la referida solicitud de reconsideración.

[6] Por cuanto el Sr. Velázquez Nadal recurre de un dictamen administrativo, se considera como recurso como una revisión judicial y citamos los errores allí señalados:

  Error en que el Oficial, Rodríguez Cosme, preparara una querella administrativa a[l]terando el contenido de las palabras que indic[ó] el apelante de epígrafe y lugar de los hechos.

  Error en las declaraciones ofrecida[s] por el oficial, D[í]az y el oficial, Rosado, que no concuerda con la querella al apelante.

  Error en la radicación del documento de querella, por falta de información

  Error en el criterio del examinador el Sr. Andr[é]s Mart[í]nez Colón en encontrar en incurso al apelante de epígrafe.

  Error en el oficial R. Casiano oficial de querella al no brindar copia fiel y exacta de todo el expediente utilizado en la celebración ante el examinador de querella.

una *Declaración en Apoyo de Solicitud para Litigar como Indigente* (*In Forma Pauperis),* la cual declaramos Ha Lugar.

Hemos examinado con detenimiento el escrito y el apéndice que sometió el recurrente y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5). Resolvemos.

## II.

### A. La jurisdicción

Como se sabe, la jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico y otros*, 2023 TSPR 26, resuelto el 14 de marzo de 2023. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385 (2020). De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.*

En ese sentido, el Tribunal Supremo ha enfatizado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción sin poder ejercer discreción para asumirla donde no la hay. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Oficina de Gerencia de Permisos del Departamento de Desarrollo*

*Económico y Comercio de Puerto Rico y otros,* supra. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, conforme a lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022); *Allied Mgmt. Group v. Oriental Bank,* supra. Ante el deber de los foros adjudicativos de examinar tanto su propia jurisdicción como la del foro de donde procede el recurso ante sí, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción.

Por otro lado, nuestro ordenamiento jurídico concede a todo ciudadano el derecho a recurrir de los dictámenes de un organismo inferior, sujeto a las limitaciones legales y reglamentarias, entre ellas, su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019). De manera que, el cumplimiento con tales disposiciones reglamentarias no puede quedar al arbitrio de las partes o sus abogados. *Íd.* Por tanto, las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente. *Íd.*

Reconocemos que el Artículo 4.004 de la Ley Núm. 103-2003, conocida como Ley de la Judicatura de 2003, 4 LPRA sec. 24w, persigue brindar a la ciudadanía un acceso fácil, económico y efectivo para acudir ante este Tribunal. De igual manera, faculta la comparecencia eficaz de apelantes por derecho propio, sin eximirlos de cumplir con las reglas procesales. *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 173 (2016). Por último, con respecto al efecto de no cumplir con las reglas procesales, es norma reiterada que el incumplimiento con las disposiciones reglamentarias establecidas

para la presentación y forma de los recursos puede dar lugar a la desestimación. *Íd.*

De otra parte, el Artículo 4.006 de la Ley de la Judicatura de 2003, 4LPRA sec. 24y, establece que el Tribunal de Apelaciones tendrá competencia para revisar las decisiones de las agencias administrativas. *ORIL v. El Farmer, Inc.*, 204 DPR 229, 238 (2020). Sobre los términos para presentar un recurso de revisión ante este Tribunal, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9672, dispone en lo pertinente que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...]

Como se sabe, el derecho a revisar las decisiones de las agencias administrativas está sujeto a la oportuna presentación y a su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina,* supra. Como vemos, el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).

A la luz de la normativa expuesta anteriormente, pasemos a analizar los hechos particulares del caso de autos.

**III.**

En el presente caso, el Sr. Velázquez Nadal fue objeto de una querella disciplinaria en la cual se le imputó haber amenazado al Oficial Luis D. Rodríguez Cosme. Surge del tracto procesal que, el DCR evaluó las posturas de ambas partes junto al expediente administrativo y concluyó que la evidencia sustenta que el Sr. Velázquez Nadal incurrió en la amenaza imputada.

A pesar de que el recurrente no nos presentó una copia de su moción, en violación a la Regla 59(E) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 59(E),[7] podemos colegir del expediente que el Sr. Velázquez Nadal instó oportunamente un petitorio de reconsideración ante el DCR. En respuesta, la agencia denegó la solicitud del recurrente, según surge de la *Hoja de Trámite* que lee "Determinación de Moción de Reconsideración, Querella Núm. 215-23-088, Juan Velázquez Nadal, Determinación Tomada: Rechazada de plano."[8]

Constatamos de la *Hoja de Trámite* que, el DCR notificó al Sr. Velázquez Nadal la referida denegatoria el 19 de octubre de 2023. Por consiguiente, a partir de esa fecha, comenzó a transcurrir el término de treinta (30) días que tenía el recurrente para instar ante esta Curia un recurso de revisión judicial, vencedero el martes, 21 de noviembre de 2023.[9] Sin embargo, el recurrente acreditó, mediante un sobre ponchado por el servicio postal, que presentó su recurso de revisión ante nos el 22 de noviembre de 2023.[10] Advertimos de lo anterior que, el recurrente presentó su recurso vencido el término de treinta (30) días para acudir en revisión judicial.

En virtud de la normativa antes discutida, al el Sr. Velázquez Nadal presentar su recurso tardíamente, nos vemos obligados a ordenar la desestimación del recurso de epígrafe, en ausencia de jurisdicción para atenderlo. Recordemos que, los tribunales estamos

---

[7] La Regla 59(E) del Reglamento del Tribunal de Apelaciones establece, en lo pertinente, que el apéndice de un recurso de revisión ha de contener:
[...]
(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.
(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.
(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.
[8] Anejo G.
[9] Cabe señalar que, los treinta días se cumplieron el sábado, 18 de noviembre de 2023, pero se extendieron hasta el martes 21 de noviembre de 2023 debido a que el lunes, 20 de noviembre de 2023 fue feriado.
[10] Añadimos que, la cubierta del recurso del recurrente aparece ponchada el 27 de noviembre de 2023.

llamados a ser celosos guardianes de nuestra jurisdicción sin poseer discreción para asumirla donde no la hay.

**IV.**

Por los fundamentos antes expuestos, procede desestimar el recurso presentado por el Sr. Velázquez Nadal por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones